| STATE OF LOUISIANA | NO. 21-K-517 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| BRIAN CLARKE | COURT OF APPEAL |
| | STATE OF LOUISIANA |

September 24, 2021

Nancy F. Vega

Chief Deputy Clerk

## ON APPLICATION FOR REHEARING

Panel composed of Marc E. Johnson,
John J. Molaison, Jr., and John J. Lee, Jr.

## REHEARING DENIED

**MEJ**

**JJM**

**JJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Nancy J. Vega
Chief Deputy, Clerk of Court

STATE OF LOUISIANA                    NO. 21-K-517

VERSUS

BRIAN CLARKE                          FIFTH CIRCUIT

                                      COURT OF APPEAL

                                      STATE OF LOUISIANA


Considering the State's Application for Rehearing of this matter, we disagree with the State's contention that our disposition in this matter contradicts this Court's findings in State v. Williams, 11-427 (La. App. 5 Cir. 2/28/12, 11–12); 88 So.3d 1102, 1111, or does not follow jurisprudence.

"A specific-intent crime requires that a defendant have the intent to cause a particular result or that the defendant have a specific purpose in mind.

Thus, a specific intent crime requires both an act and a specific intent in committing that act, which means more than a mere general intent to commit the act. A person acts with specific intent when his or her conscious objective is to cause the specific result proscribed by the statute defining the offense. The term "specific intent" is used to designate a specific mental element which is required above and beyond any mental state required with respect to the *actus reus* of the crime.

Where the statute defining a crime includes a specific intent as an ingredient of its criminality, such intent is essential and must be established.  For such crimes, the specific intent is just as much an element of the crime as is the act. Thus, the requirement as to intent is coextensive with the act prohibited, and existence of the specific intent at the time the crime charged was committed is required.

Proof of a required specific intent is just as necessary as proof of the act itself, and it must be established as an independent fact, and with the same certainty as any other element. Mere general malice or criminal intent is insufficient, and the requisite specific intent must be shown as a matter of fact, either by direct or circumstantial evidence."

22 C.J.S. Criminal Law: Substantive Principles § 36. (Citations in footnotes omitted)

In the instant matter, the qualifying provision within the definition of the crime of home invasion provided by La. R.S. 14:62.8, "to use force or violence upon the person of another or to vandalize, deface or damage the property of another" illustrates the *specific purpose*, or definite plan, the defendant must have that also constitutes a particular element of that crime. In *Williams*, *supra*, the defendant was charged with the crime of carjacking in violation of La. R.S. 14:64.2 - the intentional taking of a motor vehicle, as defined in R.S. 32:1(40), belonging to another person, in the presence of that

person, or in the presence of a passenger, or any other person in lawful possession of the motor vehicle, *by the use of force or intimidation*. (Emphasis added). The definition of carjacking does not contain a qualifying provision that describes a specific intent, or specific result, that the offender desires to cause other than the taking of the motor vehicle. Carjacking is a general intent crime. The italicized portion of the carjacking definition, cited by the State in its application, describes the manner by which the defendant commits the act – *specific intent* is not a requisite element of carjacking. "If the crime requires that an act or acts be done "with the intent" that certain consequences follow, a specific intent is required. If the terms 'intent' or 'intentional' are used without qualifying provisions, a general criminal intent is required." 17 *La. Civ. L. Treatise*, Criminal Jury Instructions § 4:1 Criminal intent (3d ed.)

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/24/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-K-517**

### E-NOTIFIED

29th Judicial District Court (Clerk)
Honorable M. Lauren Lemmon (DISTRICT JUDGE)
Maria M. Chaisson (Relator)

### MAILED

Hon. Joel T. Chaisson, II (Respondent)
District Attorney
Twenty-Ninth Judicial District Court
Post Office Box 680
Hahnville, LA 70057